**Billy Frank HALE, Plaintiff–Appellant**

v.

**Eddie C. WILLIAMS; Tommy Norwood; James D. Anders; Leann S. Pena, Defendants–Appellees.**

No. 10–10144
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 2010.

---

Billy Frank Hale, Iowa Park, TX, pro se.

Susan Elizabeth Werner, Assistant Attorney General, Office of Attorney General, Austin, TX, for Leann S. Pena.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Billy Frank Hale, Texas prisoner # 693364, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in an appeal from the district court's summary judgment dismissing his 42 U.S.C. § 1983 action as frivolous. Hale's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997).

Hale contends that the defendant, Leann Pena, caused his prison craft shop privileges to be revoked in retaliation for his complaints against her. Prison officials may not retaliate against an inmate for exercising the First Amendment right to complain to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995). However, retaliation claims are "regarded with skepticism" in order to avoid embroiling federal courts in every disciplinary act that occurs in a prison. *Id.* at 1166. Hale must be able either to produce direct evidence of retaliatory motivation or to show a "chronology of events from which retaliation may plausibly be inferred." *See id.* Summary judgment is proper if Pena has demonstrated that there are no genuine issues of material fact and that she is entitled to a judgment as a matter of law. *See id.* at 1164; FED.R.CIV.P. 56(c)(2). A factual issue is not "material" unless its resolution would affect the outcome of the suit under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In order to show a contested issue of fact, Hale argues that the stated reason for the revocation was invalid because he was not among the least active prisoners in the craft shop as Pena and other witnesses asserted. Hale's evidence does not show his craft shop activity in relation to that of other prisoners. He fails to identify a contested issue of fact that is material to his retaliation claim. *See Woods*, 60 F.3d at 1164. More significantly, he does not show any triable issue concerning a retaliatory motive because he fails to refute summary judgment evidence establishing that Pena was not even aware of his informal complaint against her at the time of the alleged retaliation.

Hale fails to show that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983).

---

Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh,* 117 F.3d at 202 n. 24; 5TH CIR. R. 42.2.

This dismissal and the dismissal by the district court each count as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir. 1996). Hale is therefore WARNED that if he accumulates three strikes under Section 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under